IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      No. CR 03-2411 MV

IMELDA GUADALUPE ARREOLA,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO QUASH SUMMONS AND DISMISS

### Introduction

THIS MATTER is before the Court on Defendant Imelda Guadalupe Arreola's ("Arreola") Motion to Quash Summons and Dismiss,[1] filed May 25, 2006. [Doc. No. 5.] On May 30, 2006, the government submitted a response to Arreola's motion to quash and dismiss. [Doc. No. 7.] After careful consideration of argument by counsel, the pleadings, attachments, and pertinent law, the Court concludes that Arreola's motion to quash summons and dismiss should be granted.

### Procedural Background

On February 6, 2002, Arreola entered a plea of guilty in the United States District Court for the Western District of Texas to Count I of an Indictment, charging her with knowingly and

---

[1] Arreola's motion was submitted for a ruling by the undersigned Chief United States Magistrate Judge, who, on May 25, 2006, conducted the Initial Hearing on the government's Petition for Revocation of [Arreola's] Supervised Release. At the hearing, the Court heard argument from counsel on the present issue. However, before ruling, the Court required additional written briefing from the parties on the issue. *See* Minutes [Doc. No. 4].

1

intentionally importing a quantity of marijuana into the United States from Mexico. [Doc. No. 1, attached to the pleading Transfer of Jurisdiction to the United States District Court for the District of New Mexico.] On February 26, 2002, Arreola was sentenced to a term of incarceration of 15 months, to be followed by 36 months of supervised release. She was to surrender to the U.S. Marshall or to a institution designated by the Bureau of Prisons on April 29, 2002.

Arreola was released from custody on May 12, 2003. Her period of supervised release commenced on May 12, 2003, and was due to expire on May 11, 2006. A condition of Arreola's supervised release was that she not commit another federal, state or local crime.

On October 3, 2005, Arreola was arrested for driving under the influence and child abuse. The related Santa Fe County Magistrate Court case remains pending. Arreola was released on October 4, 2005, and notified her probation officer on October 4th of the arrest on the state allegations. Almost seven months elapsed before the probation office petitioned on May 3, 2006 for Arreola's revocation of supervised release. Thus, probation did not act until eight days before the expiration of Arreola's term of supervised release. [Doc. No. 2, Petition, p. 1.]

On May 4, 2006, the petition for revocation was approved by Assistant U.S. Attorney ("AUSA") James Tierney, and the petition was submitted sometime thereafter to Chief United States District Judge Martha Vazquez. On May 11, 2006, Judge Vazquez signed and authorized the petition to be filed. [Doc. No. 2, pp. 1-2.] On May 16, 2006, the petition for revocation was filed. [Doc. No. 2.] On May 16, 2006, a summons was signed and issued, directing Arreola to appear before the undersigned magistrate judge on May 25, 2006. It is not clear when the summons was executed or when Arreola received notice of the petition. The Court's electronic docket shows that on May 30, 2006, the summons was returned unexecuted for Arreola. [Doc. No. 6.]

2

The following factors are undisputed: (1) the petition for revocation was not submitted by probation to the AUSA until about seven months after Arreola's alleged violation of state law; (2) the petition was approved by the AUSA seven days before Arreola's period of supervised release expired; (3) the petition was signed by Judge Vazquez May 11, 2006, the exact day Arreola's supervise release ended; (4) the petition was filed with the Court five days after the expiration of Arreola's period of supervised release; and (5) the summons directing Arreola to appear was not issued until May 16, 2006.

### Legal Standard

Title 18 U.S.C. § 3583 addresses issues concerning revocation of a term of supervised release.

> **Delayed revocation.** – The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration *if, before its expiration, a warrant or summons has been issued* on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i) (emphasis added).

### Arreola's Motion

Arreola argues that the summons must be quashed and the petition for revocation dismissed based on the express language of 18 U.S.C. § 3583(i), requiring that a warrant or summons be issued before the expiration of Arreola's term of supervised release. Because the summons was issued five days after Arreola's supervise release ended, she contends that the Court lacks subject matter jurisdiction to proceed with the petition for revocation. To the extent that the government argues that the petition for revocation itself was signed before the expiration of Arreola's supervised release,

Arreola asserts that a petition for revocation is not a warrant or summons. Thus, the petition for revocation, signed by Judge Vazquez on May 11, 2006, or approved by the AUSA on May 4, 2006 does not satisfy the requirements of 18 U.S.C. § 3583(i) for purposes of providing the Court with jurisdiction to permit a delayed revocation. Finally, Arreola argues that there are no factors to justify tolling the expiration term of her supervised release, particularly here where Arreola notified probation of the alleged violation in a timely manner and probation did not act until almost seven months later.

## Analysis

The sole issue before the Court is whether it has jurisdiction to revoke Arreola's supervised release after the expiration of her term of supervised release. The unambiguous language of 18 U.S.C. § 3583(i) permits post-term revocation *if* before the expiration of the term of supervised release a warrant or summons is issued. Courts examining the plain language of § 3583(i) have consistently concluded that as long as a warrant is issued ***during the term [of supervised release]***, the warrant preserves the court's jurisdiction even after the term expires for purposes of proceeding with revocation. That is true even where a revocation hearing is held after expiration of the term, (provided it is held within a reasonable time) or where, in some cases, a second amended petition for revocation is filed for offenses committed during the term but after the term expired. *See, e.g.,* United States v. Naranjo, 259 F.3d 379, 383 (5th Cir. 2001) (as long as warrant or summons was issued during term, court had authority to revoke supervised release after supervision term expired based on violation that occurred during term even though the violation was not alleged in the first petition), *cert. denied*, 534 U.S. 1163 (2002); United States v. Jackson, 426 F.3d 301, 302-04 (5th Cir. 2005) (court would not have had jurisdiction over petition for revocation that was issued after

the term of supervised release expired unless the period of supervised release was tolled during the defendant's incarceration); United States v. Goldner, 153 F.3d 723, 1998 WL 462795 at *2 (4th Cir. Aug. 5, 1998) (courts retain jurisdiction to hold hearing related to revocation of supervised release for a reasonable period after the term expires when the petition charging a violation is filed during the period of supervised release); United States v. Venable, 416 F. Supp. 2d 64 (D.D.C. 2006) (warrant was signed by court and issued three days before term of supervised release ended; thus, court had jurisdiction to hold a hearing related to allegations of the defendant's new criminal conduct that occurred during the term). The determinate factor, therefore, is whether a summons or warrant is issued during the term of supervised release.

In United States v. Moore, 443 F.3d 790 (11th Cir. 2006) addressed a somewhat similar question and held that the district court had jurisdiction over the defendant by issuance of a summons prior to the term of expiration. The case is distinguishable in that Moore did not notify her probation officer of an arrest during her term of supervised release and also because the alleged violation by Moore actually occurred with a few weeks of the expiration of her term (unlike the case at hand where Arreola promptly reported her arrest and the alleged violation occurred about 7 months before the term expired). Moore is primarily distinguishable from the present case because a valid summons was issued on the day of or the day before the defendant's term of release was set to expire.

In Moore, the defendant's term of release was set to end on June 10, 2004. Moore, 443 F.3d at 792-93. Moore was arrested for an alleged violation on May 30, 2004. On June 2, 2004, Moore's probation officer notified Moore that he was aware of her arrest. Probation then petitioned the court to issue a summons for Moore for violation of the terms of supervised release and on June 9, the probation office filed a petition for revocation. On June 9, the court ordered issuance of the summons

and the clerk's office forwarded an unsigned summons for Moore's appearance via fax and federal express to the appropriate probation office in Miami. On June 10, 2004, the clerk of court signed a summons for Moore's appearance. Moore was served with the summons on June 15, and the district court's docket sheet indicated that the summons was filed and placed on public record as of June 23, 2004. Id. at 792.

While challenged by Moore, the district court concluded that it had jurisdiction based on a factual finding that the court issued an order for a summons on June 9, and the clerk of court signed the summons on June 10. Id. at 793. The Eleventh Circuit affirmed, concluding that the trial court had subject matter jurisdiction over Moore because a valid summons was issued on June 10, prior to the expiration of her supervised release. Id. at 794.

In contrast to the facts in Moore, the probation office in this case had approximately 7 months to submit and file a petition for revocation during the period of supervised release but instead, waited until the last week of that term to do so. On May 3, 2006, prior to the expiration of the term, the probation office submitted the petition for revocation to the court. The Court signed the petition on the date Arreola's term was to expire, but the petition was not *filed* with the Court until May 16, 2006, the date on which the summons was also issued. Thus, unlike the chronology in Moore, the summons was not issued before the defendant's term of supervised release had expired. *See also* United States v. Rivard, 127 F. Supp. 2d 512 (D. Vt. 2000) (holding that court did not have jurisdiction when the defendant's term of supervised release expired on May 17, 2002 and the summons was not issued until August 8, 2000).

In this case, the government's written response to Arreola's motion does not address the express language of § 3583(i) and instead, emphasizes the sufficiency of the warrant, probable cause

6

for the warrant, and the ministerial nature of the clerk's act in signing the warrant before it is filed with the Court.  [Doc. No. 7.]  The government also argues that the "congressional intent is one that encompasses jurisdiction to preclude situations in which 'persons who violated the conditions of their release near the end of the supervisory period would be immune to revocation.'"  [Doc. No. 7, p. 3] (*citing* United States v. Bailey, 259 F.3d 1216, 1217 (10th Cir. 2001)).

Bailey, however, is consistent with the Rule.  The government can proceed on a revocation of supervised release at any time, even the last day of the supervision, provided that a timely petition is filed and the summons or warrant is issued before the expiration of supervised release.  Here, it simply was not done in time.

Moreover, the government's reliance on Bailey as authority to support its argument is misplaced.  In Bailey, the Tenth Circuit determined that the summons was issued before the period of supervised release ended.  Thus, there was no question that the Court had jurisdiction over the defendant's supervised release.  Bailey, 259 F.3d at 1217.  The defendant's challenge to the court's jurisdiction concerned the timing of the court's continued hearing on the petition for revocation, not the timing of the issuance of the warrant or summons.

Finally, and most importantly, the government fails to provide any persuasive argument as to why the plain language of 18 U.S.C. § 3583(i) should not control under these circumstances where the summons or warrant did not issue until after the expiration of Arreola's term of supervised release.

## **Conclusion**

Based on 18 U.S.C. § 3583(i), the Court concludes that it lacks subject matter jurisdiction over the petition for revocation and therefore, grants Defendant's motion to quash subpoena and dismiss the petition for revocation.

IT IS THEREFORE ORDERED that Arreola's Motion to Quash Summons and Dismiss [Doc. No. 5] is GRANTED and that the petition for revocation is DISMISSED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge